UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Elaine Samuels, on behalf of her son, R. J., a minor,**

**Plaintiff,**

vs.

**Independent School District 279 and Lorenzo Bronson, professionally and individually,**

**Defendants.**

Case No. 02-474 (JRT/SRN)

ORDER APPROVING MINOR SETTLEMENT

---

Eric Hageman, Esq., on Behalf of Plaintiff

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned Magistrate Judge for approval of minor settlement on February 2, 2004. Plaintiff/Petitioner Elaine Johnson (formerly Samuels) and her minor son, Richard, were present with their attorney, Eric Hageman of Flynn, Gaskins & Bennett, L.L.P. The Court has considered the Petition for Approval of Minor Settlement and has questioned Elaine and Richard Johnson in court on February 2, 2004 and is satisfied that:

1. Plaintiff/Petitioner Elaine Johnson and her son, Richard Johnson, currently reside at 6532 Edgewood Avenue North in the city of Brooklyn Park, County of Hennepin, State of Minnesota.

2. Richard Johnson was born on May 20, 1987, and is currently sixteen years of age.

3. Petitioner, on behalf of her son, retained the law firm of Flynn, Gaskins & Bennett, L.L.P. to represent her in connection with the prosecution of claims to recover monetary damages resulting from an alleged constitutional violation suffered by Richard.

FILED FEB 06 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

4. According to petitioner, on October 4, 2001, Richard, who at the time was a ninth grade student at North View Junior High School, was taken out of his classroom after getting into a verbal altercation with another student, and brought to an office where he was handcuffed by a police officer at the direction of Lorenzo Bronson, an administrative assistant at the school.

5. Bronson admitted that he ordered the police officer to handcuff Richard to teach him a "learning lesson." While the handcuffing did not last long, Richard was not free to leave.

6. Bronson moved for summary judgment and in Order dated December 8, 2003, the Honorable John R. Tunheim denied the motion, finding that Richard Johnson's "reported misbehavior did not rise to the level to justify handcuffing him" and that "a jury reasonably could find that applying handcuffs to R.J. as part of a lesson on the consequences of misbehaving was not reasonably related in scope to the circumstances under which the detention arose."

7. The case was scheduled for trial on Judge Tunheim's February 2, 2004 trial calendar.

8. Prior to the submission of pre-trial materials, the parties entered into settlement negotiations and agreement was ultimately reached with defendants and their attorneys whereby plaintiff's claims would be settled pursuant to agreement by payment of the sum of $10,000 to plaintiff and $12,500 to Flynn, Gaskins & Bennett, L.L.P. as and for attorney's fees and costs (separately recoverable under 42 U.S.C. § 1988) for a total settlement of $22,500.

9. Petitioner believes, and has been so advised, that it is in the best interests of Richard to agree to settlement at this amount.

10. Petitioner believes the $10,000 settlement for Richard Johnson is fair, reasonable and just.

11. Petitioner believes that the $12,500 in attorney's fees is a fair and reasonable amount. Petitioner is aware that the recoverable attorney's fees and costs incurred by petitioner's counsel in this case greatly exceed the $12,500 amount being paid to settle the attorney's fees claim.

12. There is no collateral source nor any derivative or individual claim being asserted. There have been no subrogation rights asserted by any party.

13. Petitioner requests that $10,000 be distributed to Elaine Samuels for the benefit of Richard Johnson, to be invested in accordance with Minn. Stat. §540.08, in "securities issued by the United States, which shall be deposited pursuant to the order of the court or . . . in a savings account, savings certificate of deposit or share certificate in a bank, savings association, trust company, credit union which either depositor or beneficiary is a member."

**THEREFORE, IT IS HEREBY ORDERED:**

1. That the Motion for Approval of Minor Settlement is hereby granted.

2. That the $10,000 settlement paid to plaintiff/petitioner will be deposited in a savings certificate of deposit at Wells Fargo Bank, certificate # 7951315147, to be held until Richard Johnson reaches the age of eighteen on May 20, 2005. No withdrawals of principal or interest are authorized until such time as Richard Johnson reaches the age of eighteen.

3. That the account be opened in the name of Richard Johnson and that any deposit document be issued in the name of Richard Johnson, and that only Richard Johnson is able to withdraw from the account upon reaching the age of eighteen.

4. That Elaine Johnson shall, at the time of depositing, supply the financial institution with the social security number for Richard Johnson and a copy of the order approving the settlement.

5. That the original certificate of deposit shall be filed with the court, to be collected by Richard Johnson at the age of eighteen.

6. That the $12,500 attorney's fees portion of the settlement shall be paid to Flynn, Gaskins & Bennett, L.L.P.

Dated this 5th day of February, 2004

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge